Affirmed and Memorandum Opinion
filed August 4, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00770-CR



JERMEY LONDRAY
GOSS, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 182nd District Court

Harris County, Texas

Trial Court
Cause No. 1205382



 

MEMORANDUM OPINION

Appellant Jermey Londray Goss challenges his
conviction for deadly conduct, asserting in a single issue that the trial court
reversibly erred in rejecting his Batson challenge.  We affirm.

Factual and Procedural
Background

Appellant was charged with the offense of aggravated
robbery following an incident in which he allegedly brandished a firearm, fired
a number of shots inside a business establishment, and threatened to take items. 
Appellant pleaded “not guilty” to the charged offense, and the case proceeded
to trial.

During voir dire, appellant made a Batson
challenge, alleging that, after all strikes for cause had been made, the State had
used a peremptory strike on the only African American remaining on the panel,
veniremember number 3.  Appellant’s trial counsel referred to appellant as being
African American.  Appellant claimed that nothing in this veniremember’s
responses distinguished him from other veniremembers such that the State must
have struck number 3 solely based on his race.

In response, the prosecutor claimed to have struck number
3 based on his preference of rehabilitation—instead of punishment—for convicted
criminal offenders.  The prosecutor claimed to have struck all of the veniremembers
who, when asked about the issue, answered “rehabilitation” except for veniremember
number 32.  According to the prosecutor, the State did not use a peremptory
strike on number 32 because he had some post-graduate education.  

The trial court denied appellant’s Batson
challenge, ruling that appellant failed to make a prima facie showing of
discrimination and that the State had provided a race-neutral reason for
striking number 3 from the panel.  

The jury found appellant guilty of the lesser-included
offense of deadly conduct and found that appellant used a deadly weapon in the
commission of the offense.  The trial court sentenced appellant to five years’
confinement.

In a single appellate issue, appellant claims the
trial court reversibly erred in rejecting appellant’s Batson challenge. 
According to appellant, the State struck Fleming solely because he was African
American.

Analysis

A prosecutor cannot use a peremptory strike against a
venireperson solely on account of race.  Batson v. Kentucky, 476 U.S.
79, 89, 106 S. Ct. 1712, 1719, 90 L. Ed. 2d 69, 83 (1986); see Tex. Code Crim. Proc. Ann. art.
35.261(a) (West 2011).  In the face of perceived purposeful discrimination, an
accused may assert a Batson challenge.  See Tex. Code Crim. Proc. Ann. art.
35.261(a).  To succeed on a Batson challenge, the accused must
demonstrate by a preponderance of the evidence that the State indulged in
purposeful discrimination against a member of a constitutionally-protected
class in exercising peremptory challenges.  Watkins v. State, 245 S.W.3d
444, 447 (Tex. Crim. App. 2008).

To assert a Batson challenge, an accused bears
the burden of presenting a prima facie case of purposeful racial discrimination
by the State in the exercise of its peremptory strikes.  See Cantu v. State,
842 S.W.2d 667, 688 n.15 (Tex. Crim. App. 1992).  To make a prima facie case, an
accused must show that relevant circumstances raise an inference that the State
made a race-based strike.  Flores v. State, 33 S.W.3d 907, 925 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d).  An argument that the State has struck minority
veniremembers, without more, does not support a prima facie case.  See Bean
v. State, 816 S.W.2d 115, 119–20 (Tex. App.—Houston [14th Dist.] 1991, no
pet.).

If a prima facie case is made, the burden of
production shifts to the State to furnish a race-neutral reason for exercising
the strike.  Watkins, 245 S.W.3d. at 447.  The race-neutral reason for
the strike need not be persuasive or even plausible, but only facially valid.  Purkett
v. Elem, 514 U.S. 765, 768, 115 S. Ct. 1769, 1771, 131 L. Ed. 2d 834
(1995).  Unless a discriminatory intent is inherent in the explanation, the reason
offered will be deemed race-neutral.  Id.  The defendant may rebut the
race-neutral explanation.  Jasper v. State, 61 S.W.3d 413, 421 (Tex.
Crim. App. 2001).  The trial court then must decide whether the accused has
proven purposeful discrimination.  Watkins, 245 S.W.3d. at 447. 

We accord great deference to the trial court’s ruling
on a Batson challenge.  See Jasper, 61 S.W.3d at 421–22.  In reviewing
the trial court’s ruling, we examine the entire voir dire record, reviewing for
clear error.  See Watkins, 245 S.W.3d at 448.  We conduct this review in
the light most favorable to the trial court’s ruling and reverse only when the
ruling is clearly erroneous.  See Williams v. State, 301 S.W.3d 675, 688
(Tex. Crim. App. 2009); Young v. State, 283 S.W.3d 854, 866 (Tex. Crim. App.
2009).  A ruling is clearly erroneous when, after searching the record, an
appellate court is left with the definite and firm conviction that the trial
court has made a mistake.  Bausley v. State, 997 S.W.2d 313, 315 (Tex.
App.—Dallas 1999, pet. ref’d).  We may not substitute our opinion for the trial
court’s factual assessment of the neutrality of the prosecutor’s explanation
for exercising strikes, and we view the evidence in the light most favorable to
the trial court’s ruling.  See Gibson v. State, 144 S.W.3d 530, 534
& nn. 5 & 6 (Tex. Crim. App. 2004). 

According to the voir dire record, the prosecutor
referred to punishment and rehabilitation as two differing philosophies in the
criminal justice system and asked veniremembers to choose which philosophy best
suited their beliefs.  As relevant to this appeal, veniremember number 3
responded, “rehabilitation,” as did veniremember number 32, veniremember number
55, and many others.  After the parties struck panel members for cause or by
agreement, the trial court instructed the parties to exercise peremptory
strikes on the remaining panel members up to and including veniremember number
52.  The trial court also indicated that the parties were free to exercise an
additional strike for an alternate juror, who would be selected from veniremember
numbers 53, 54, and 55.  The State exercised various peremptory strikes, including
one on number 3, who was not seated on the jury.  

The jury panel, as seated, included number 32 and
number 55 as an alternate juror.  Appellant objected to the jury panel as
seated, complaining that there were no African Americans on the panel and that
appellant was African American.  Appellant sought to replace one of the seated
jurors with number 3, contending that none of number 3’s responses warranted a
peremptory challenge.

The State responded that it exercised its peremptory
strikes against all of the remaining veniremembers who had chosen
“rehabilitation” in response to the State’s question.[1]  A
veniremember’s views regarding the role of rehabilitation in punishment can be
a race-neutral reason for the use of a peremptory challenge.  See Adanandus
v. State, 866 S.W.2d 210, 223–24 (Tex. Crim. App. 1993); Victor v. State,
995 S.W.2d 216, 222 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  

Challenging the State’s offered explanation, appellant
points to the fact that veniremembers 32 and 55 also chose rehabilitation over
punishment and that the State did not exercise peremptory strikes on these
veniremembers.  A trial court may consider the following factors in evaluating
whether the State’s proffered race-neutral explanation was genuine:  (1)
whether the proffered reason related to the facts of the case, (2) whether the
State meaningfully questioned the challenged veniremember, (3) whether persons
with the same or similar traits as the challenged venire member were not
struck, (4) whether there was disparate examination of the veniremembers, and
(5) whether an explanation was based upon a group bias even if the specific
trait was not shown to apply to the challenged juror.  See Williams v. State,
804 S.W.2d 95, 105–06 (Tex. Crim. App. 1991).  None of these factors is dispositive
on the issue of discriminatory intent.  Grant v. State, 325 S.W.3d 655,
659 (Tex. Crim. App. 2010).

In applying these principles to the facts in the case
under review, we note that the reasons offered by the prosecutor for the
exercise of peremptory challenges were related, if not to the facts of the
case, to a legal issue involved in the case—punishment.  See Williams,
804 S.W.2d at 106 (involving the State’s peremptory challenge of veniremembers
who expressed viewpoints of punishment in opposition to the death penalty, the punishment
sought by the State).  Moreover, the record reflects that the parties each had
forty minutes to complete voir dire examination.  Given these time constraints,
a party is limited in its ability to ask an individual veniremember—let alone
all such veniremembers—about a specific response.  See Grant, 325 S.W.3d
at 661; Godine v. State, 874 S.W.2d 197, 205 (Tex. App.—Houston [14th
Dist.] 1994, no pet.).

In addressing whether disparate selection or
examination occurred among veniremembers who were impaneled with same or
similar characteristics as number 3, we note that although number 32 also chose
rehabilitation over punishment, the State did not exercise a peremptory strike
against him because the State believed he had some post-graduate education.  A
prosecutor’s explanation for striking a veniremember based on education level
or perceived intelligence is race-neutral.  See Brewer v. State, 932
S.W.2d 161, 165 (Tex. App.—El Paso 1996, no pet.); Godine, 874 S.W.2d at
205.

Likewise, of the three veniremember numbers 53, 54,
55, from which an alternate juror was to be selected, the State exercised its one
additional peremptory strike on number 53, who also had chosen “rehabilitation.” 
See Tex. Code Crim. Proc. Ann.
art. 35.15(d) (West 2006) (providing that, in certain cases, a party is entitled
to one peremptory challenge against an alternate juror).  The State could not
have exercised a peremptory strike against both number 53 and number 55.  See
id.  The State, having only one strike remaining for the alternative juror,
must, out of necessity, leave one such panel member, who had answered
“rehabilitation,” on the jury as an alternate.  The State apparently chose to
leave number 55 on the jury panel as the alternate juror instead of
veniremember 53.[2] 


According to the record, neither the prosecutor nor
appellant’s trial counsel further questioned any of the veniremembers on their
personal choices of rehabilitation over punishment.  The record does not
reflect that any veniremember offered a more emphatic opinion of rehabilitation
that the other veniremembers.  To the contrary, one panel member admitted he
could not choose one way or the other, and the prosecutor did not further
examine that panel member about the answer.  The record does not support a
conclusion that the prosecutor engaged in disparate selection or examination or
group bias in exercising a peremptory challenge against number 3.  Disparate
use of peremptory challenges does not automatically show an improper use of
peremptory challenges, even in a situation in which one of the prosecutor’s
proffered reasons for striking a minority veniremember technically would apply
to another non-minority veniremember.  See Adanandus, 866 S.W.2d at 224–25. 


The State provided a race-neutral explanation for
exercising a peremptory strike on veniremember number 3.  See id. at
224; Victor, 995 S.W.2d at 222.  The trial court did not err by failing
to conclude that the prosecutor’s proffered reason was a pretext for
discrimination.  See Tex. Code
Crim. Proc. Ann. art. 35.261(a); Simpson, 119 S.W.3d at 268. 
Likewise, without a definite and firm conviction that the trial court has made
a mistake, we conclude the trial court’s ruling was not clearly erroneous.  We
overrule appellant’s sole issue.

The trial court’s judgment is affirmed.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Frost, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Because the State offered a race-neutral explanation, we need not address
whether appellant made a prima facie case of racial discrimination.  See
Simpson v. State, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003).





[2]
The record reflects that although number 55 was initially selected as an
alternate juror, he participated on the jury panel when another juror was
dismissed by the parties’ agreement after the trial court discovered that the
previously selected juror had difficulty hearing the proceedings.