AFFIRM; Opinion issued November 13, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00247-CR

## MARVIN DEWAYNE BROWN, Appellant

V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F10-58542-P

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

A jury found Marvin Dwayne Brown guilty of possession of a controlled substance with intent to deliver. He complains on appeal that the trial court erred in overruling his *Batson*[1] complaints. We affirm the trial court's judgment. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

During jury selection, prospective juror Davis and others were asked by the prosecutor what

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

they would look for to show them the defendant was intending to deliver drugs. Davis responded, "Trying to deliver it to someone." Later, the prosecutor asked if any of the prospective jurors had travel plans or doctor appointments that might conflict with the trial. Prospective juror Terrell volunteered that he had a doctor appointment in two days. The prosecutor asked if he could reschedule, and Terrell stated, "I can call and reschedule."

The State exercised peremptory strikes against Davis and Terrell, among others. Appellant, noting that Davis, Terrell, and appellant were all African-American, made a *Batson* motion requesting the trial court to deny the strikes. Offering her reasons for the strikes, the prosecutor commented,

> Juror 17, he had a doctor's appointment Thursday. Wasn't sure whether or not he was able to reschedule it. We struck on the basis of that. We didn't want an inconvenience for him.
>
> And the same reason for Juror 18 with the autistic brother.
>
> . . .
>
> [Davis] was the only one who wanted the actual delivery to be taking place or be an occurrence [sic]. We looked at that, the possibility she would want the buyer to be here. We don't have that person as a witness so we struck her.

Defense counsel countered that the fact Terrell "may have a doctor's appointment maybe he can't reschedule" did not prevent Terrell from sitting and claimed that there were additional prospective jurors "who indicated other medical issues preventing them." In response, the prosecutor commented,

> It's all fun and games until we hit Thursday and Mr. Terrell says he can't be here and Mr. King can't be here Friday and [we] push the case into next week — assuming everybody on the jury can be here next week.
> That just occurred in Auxiliary 1 last month. It's not his inconvenience as much as I don't want to come back next week or the week after to finish the case.

With respect to Davis, defense counsel argued that because appellant was not accused of

delivery, the fact that Davis would "want the person that he delivered to" in a delivery case was not relevant in appellant's case because he was charged only with possession with intent to deliver. The trial court denied appellant's *Batson* motions.

In his two points of error on appeal, appellant complains the trial court erred in denying his *Batson* motions. The following three-step process applies to a *Batson* challenge: (1) the defendant must make a prima facie showing that the prosecutor exercised peremptory strikes on the basis of race, (2) the burden then shifts to the prosecutor to state a race-neutral reason for the strikes, and (3) the trial court must decide whether the defendant has proved purposeful racial discrimination. *See Grant v. State*, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010). When reviewing a *Batson* objection, we examine the record in the light most favorable to the trial court's ruling and reverse only when the ruling is clearly erroneous. *See Bausley v. State*, 997 S.W.2d 313, 315 ((Tex. App.—Dallas 1999, pet. ref'd). We give great deference to the trial court's decision on the issue of purposeful discrimination because it requires an assessment of credibility and content of the prosecutor's reasons and all other relevant facts and circumstances. *Alexander v. State*, 866 S.W.2d 1, 8 (Tex. Crim. App. 1993).

Here, the prosecutor offered reasons for her strikes that were race-neutral on their face. Appellant challenged the strikes but never rebutted the strikes to a degree that showed the prosecutor was being untruthful about the strikes or using them as a pretext for racial discrimination. Pretext is not shown merely because an explanation is factually correct. *Greer v. State*, 310 S.W.3d 11, 16 (Tex. App.—Dallas 2009, no pet.). Only when the State's explanation for striking a juror is clearly contrary to the evidence have we held that there is "no innocent mistake" and reversed for *Batson* error. *Id.* To the extent the prosecutor in appellant's case may have exaggerated Terrell's inability to reschedule his doctor appointment or Davis's need to have evidence of the actual person to which

appellant delivered the controlled substance, such exaggeration does not amount to proof her reasons were pretexts for racially motivated strikes. *See Adair v. State*, 336 S.W.3d 680, 692 (Tex. App.—Houston [1ˢᵗ Dist.] 2010, pet. ref'd). Deferring to the trial court's decision, we conclude it did not err in denying appellant's *Batson* motions. We overrule his two points of error.

We affirm the trial court's judgment.

JOSEPH B. MORRIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110247F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARVIN DEWAYNE BROWN, Appellant

No. 05-11-00247-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 203rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-58542-P).
Opinion delivered by Justice Morris, Justices Francis and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 13, 2012.

JOSEPH B. MORRIS
JUSTICE