

IN THE
TENTH COURT OF APPEALS

_____

No. 10-12-00076-CR

DOYLE RAY ROBERTSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

From the 40th District Court
Ellis County, Texas
Trial Court No. 36151CR

MEMORANDUM  OPINION

Doyle Ray Robertson was convicted of theft with two or more prior convictions. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2012). He was sentenced to thirteen years in prison. We affirm.[1]

In his first issue, Robertson argues that the trial court erred in overruling Robertson's challenge to the jury panel array.

A challenge to the array must be made before the jury panel is qualified. TEX. CODE CRIM. PROC. ANN. art. 35.06 (West 2006). The failure to raise a challenge to the

---

[1] Because there is no challenge to the sufficiency of the evidence, there is no need to discuss the facts of the underlying case.

array before the panel is interrogated regarding its qualifications is untimely and constitutes a waiver of the opportunity to challenge the array. *Jackson v. State*, 745 S.W.2d 4, 18 (Tex. Crim. App. 1988). Further, a proper challenge to the array must be in writing, setting forth distinctly the grounds for the challenge. TEX. CODE CRIM. PROC. Ann. art. 35.07 (West 2006). In this case, Robertson made his objection to the array after the panel was interrogated regarding its qualifications. He also failed to challenge the array in writing. Accordingly, his challenge was untimely and his complaint is waived. *See Jackson v. State*, 745 S.W.2d 4, 18 (Tex. Crim. App. 1988); *see also Stephenson v. State*, 494 S.W.2d 900, 905 (Tex. Crim. App. 1973).

Robertson's first issue is overruled.

In his second issue, Robertson contends the trial court erred in overruling his *Batson*[2] challenge to the State's use of a peremptory challenge on the only African-American member of the jury panel.

A *Batson* challenge to a peremptory strike consists of three steps: 1) the opponent of the strike must establish a prima facie showing of racial discrimination; 2) the proponent of the strike must articulate a race-neutral explanation; and 3) the trial court must decide whether the opponent has proved purposeful racial discrimination. *Grant v. State*, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010). The trial court's ruling in the third step must be sustained on appeal unless it is clearly erroneous. *Id.* Once the proponent of the strike has articulated race-neutral explanations, the burden shifts to the opponent to show that the explanations are really a pretext for discrimination. *Williams v. State*, 301 S.W.3d 675, 688 (Tex. Crim. App. 2009).

---

[2] *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

Assuming without deciding that Robertson established a prima facie showing of racial discrimination, the State offered its race-neutral explanations for its strike. Afterward, Robertson was to show that the explanation was really a pretext for discrimination. The only counter Robertson presented to the trial court was that because one of the State's explanations for its strike was that the panel member was a minister and might be lenient, Robertson stated that the panel member was also a "teacher coach" which would counterbalance any fear of leniency. Otherwise, Robertson agreed with the State's explanations, stating, "I can't disagree with the synopsis presented….I think her statement of what he did say is accurate." Thus, because Robertson made no showing that the State's explanations were a pretext for discrimination, the trial court's decision to overrule Robertson's *Batson* challenge was not clearly erroneous.

Robertson's second issue is overruled.

Having overruled each issue presented on appeal, we affirm the trial court's judgment.

 

 

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed December 20, 2012
Do not publish
[CR25]