

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00424-CR

**ELMER GENE LOTTS,**

                                   **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                   **Appellee**

---

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 09-00799-CRF-361**

---

## MEMORANDUM OPINION

---

Elmer Lotts was convicted of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). The trial court found an enhancement paragraph to be true and sentenced Lotts to 15 years in prison. Because the assessment of attorney's fees in the judgment was erroneous but because the trial court did not err in overruling Lotts's Batson challenge and the evidence was sufficient to support the verdict, we modify the judgment to delete the assessment of attorney's fees and otherwise affirm the judgment as modified.

The child victim in this case, DJ, was eight years old at the time of the offense and 12 years old at the time of trial. Lotts was DJ's uncle. DJ's mother and Lotts's wife were sisters.

## BATSON CHALLENGE

Lotts contends in his first issue that the trial court clearly erred in denying his *Batson* challenge to the State's use of a peremptory strike against Juror 3, an African-American woman. *See Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). In *Batson*, the United States Supreme Court held that, while a prosecutor ordinarily may exercise peremptory strikes for any reason related to his views concerning the outcome of the trial, "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race." *Id*. at 89.

A *Batson* challenge to a peremptory strike consists of three steps: 1) the opponent of the strike must establish a prima facie showing of racial discrimination; 2) the proponent of the strike must articulate a race-neutral explanation; and 3) the trial court must decide whether the opponent has proved purposeful racial discrimination. *See Purkett v. Elem*, 514 U.S. 765, 767, 115 S. Ct. 1769, 131 L. Ed. 2d 834 (1995); *Young v. State*, 283 S.W.3d 854, 866 (Tex. Crim. App. 2009). Once the State proffers race-neutral explanations for its peremptory strikes, the burden is on the defendant to convince the trial court that the prosecution's reasons were not race-neutral. *Ford v. State*, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999). Thus, the burden of production shifts from the

defendant in step one to the State in step two; but the burden of persuasion never shifts from the defendant. *Id.* The trial court's ruling in the third step must be sustained on appeal unless it is clearly erroneous. *Grant v. State*, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010) (citing *Snyder v. Louisiana*, 552 U.S. 472, 477, 128 S. Ct. 1203, 170 L. Ed. 2d 175 (2008)). Step one is not at issue in this appeal.

The State proffered four reasons why it struck Juror 3. Generally, those reasons are: 1) she may not have understood a question asked and did not wish to fully answer the question; 2) she had given a "not guilty" verdict in a previous criminal trial; 3) she would not make eye contact and would look down; and 4) she was not in "a good state of mind" to sit on the jury. The only rebuttal offered by Lotts was that Juror 3 said she would follow the law. Lotts did nothing more to convince the trial court that the State's reasons were not race-neutral. Thus, Lotts failed to carry his burden of persuasion, and we cannot find the trial court's ruling was clearly erroneous. Lotts's first issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, Lotts argues that the evidence was insufficient to support his conviction for touching DJ's vagina with the intent to arouse or gratify Lotts's sexual desire. Specifically, he argues that the evidence was insufficient to support a reasonable inference that he touched DJ with sexual intent.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and

can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

DJ testified that she fell asleep in a chair while watching TV. She later awoke to Lotts kneeling in front of her and rubbing on her vagina. She stated that her underwear was still on her but that her shorts had been pulled down. Lotts admitted that he touched DJ's vagina but offered the explanation that it was an accident and that he had no intent to sexually contact her. DJ's mother, PS, testified that when she confronted Lotts, he denied touching DJ but that if he did, he did not remember. He then apologized to PS and said that he loved DJ. After making a police report, PS called Lotts who apologized again, did not deny touching DJ, said he was wrong and that it would never happen again, and begged not to get the police involved.

Lotts is correct that there is no direct evidence that he acted with the intent to arouse and gratify his sexual desire. But the requisite specific intent can be inferred from his conduct and remarks and all the surrounding circumstances. *Robertson v. State*, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993); *Abbott v. State*, 196 S.W.3d 334, 340 (Tex. App.—Waco 2006, pet. ref'd). Given that DJ's testimony regarding the position of her shorts when she awoke was uncontroverted, that Lotts admitted he did touch DJ, was apologetic, and said it would not happen again, and that he begged PS not to get the police involved, a rational jury could infer that Lotts touched DJ with the intent to

arouse and gratify his sexual desire. Thus, we find the evidence sufficient to support Lotts's conviction, and Lotts's second issue is overruled.

ATTORNEY'S FEES

In his third issue, Lotts complains that the trial court erred in assessing attorney's fees in the judgment because there was no evidence that Lotts's finances had undergone a material change since he was determined to be indigent during the underlying proceedings. The State agrees that the evidence was insufficient in this regard. In accordance with the opinion of the Court of Criminal Appeals in *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010), we agree that the evidence was insufficient and the judgment should be modified to delete these assessments. Lotts's third issue is sustained.

CONCLUSION

The evidence was insufficient for the trial court to have assessed attorney's fees in the judgment, therefore, that assessment is deleted and the judgment is modified to show that the amount of costs owed by Lotts is only $704.00 for court costs and no attorney's fees. Having found no other reversible error, we affirm the judgment as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed as modified
Opinion delivered and filed February 27, 2014
Do not publish
[CR25]