

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00397-CR

**KENTHONY JEVELLE JACKSON,**

                                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                          **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 11-00396-CRF-85

## MEMORANDUM OPINION

Kenthony Jevelle Jackson was convicted of aggravated robbery and sentenced to 23 years in prison. *See* TEX. PENAL CODE ANN. § 29.03(2)(B) (West 2011). Jackson contends in his sole issue that the trial court erred in denying his *Batson* challenge to the State's use of a peremptory strike against Juror 8, an African-American man. *See Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). The State specified that it struck Juror 8 because numerous members of the prospective juror's family had been prosecuted by the District Attorney's Office and because he had lived in the same house

with his uncle, who the State had also prosecuted. Jackson conceded at trial that the State's reasons for striking Juror 8 were race-neutral; and, once the State proffers race-neutral explanations for its peremptory strikes, the burden is on the defendant to convince the trial court that the prosecution's reasons were not race-neutral. *Ford v. State*, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999). Our standard of review is whether the trial court's ruling was clearly erroneous. *Grant v. State*, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010).

Jackson contends on appeal, however, that the strike was pre-textual because the State never inquired of the other venire members whether any had family members that had been prosecuted by the District Attorney's office. In a similar situation, the Court of Criminal Appeals interpreted United States Supreme Court precedent as not requiring such further inquiry. *See Grant v. State*, 325 S.W.3d 655, 661 (Tex. Crim. App. 2010). That interpretation is binding on this Court, and therefore the State was not required to inquire any further to validate or invalidate, confirm or refute the basis stated for its own peremptory strike. We cannot say the trial court's decision in overruling Jackson's *Batson* challenge was clearly erroneous. Jackson's sole issue is overruled.

We affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Scoggins
Affirmed
Opinion delivered and filed January 22, 2015
Do not publish
[CRPM]

