

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00373-CR

**ANTHONY MARK GARCIA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 220th District Court
Bosque County, Texas
Trial Court No. CR 14712**

## MEMORANDUM OPINION

Anthony Mark Garcia was convicted of aggravated sexual assault of a child and sentenced to 11 years in prison. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011). Because the trial court did not err in overruling Garcia's *Batson* challenge and Garcia's constitutional challenge was not preserved, the trial court's judgment is affirmed.

Garcia contends in his first issue that the trial court erred in denying his *Batson* challenge to the State's use of peremptory strikes against three jurors. *See Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). A *Batson* challenge to a

peremptory strike consists of three steps: 1) the opponent of the strike must establish a prima facie showing of racial discrimination; 2) the proponent of the strike must articulate a race-neutral explanation; and 3) the trial court must decide whether the opponent has proved purposeful racial discrimination. *See Purkett v. Elem*, 514 U.S. 765, 767, 115 S. Ct. 1769, 131 L. Ed. 2d 834 (1995); *Young v. State*, 283 S.W.3d 854, 866 (Tex. Crim. App. 2009). Once the State proffers race-neutral explanations for its peremptory strikes, the burden is on the defendant to convince the trial court that the prosecution's reasons were not race-neutral. *Ford v. State*, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999). Thus, the burden of production shifts from the defendant in step one to the State in step two; but the burden of persuasion never shifts from the defendant. *Id*. Our standard of review is whether the trial court's ruling was clearly erroneous. *Grant v. State*, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010).

After Garcia made his *Batson* challenge[1] the State proffered the following race neutral reasons: 1) Juror 2 originally indicated that she could not follow the law; 2) Juror 12 was too young, was not a family man, and did not have kids; and 3) Juror 20 was single, had no kids, was a nurse and thus might require medical evidence when none would be presented, and the State had prosecuted several individuals with the same last name. Garcia did not contend in court that these reasons given were not

---

[1] We assume without deciding that Garcia made a prima facie showing of racial discrimination.

"race-neutral."  Rather, Garcia contended that the strikes were "impermissible" because the State did not question the prospective jurors about the State's concerns.

In a similar situation, the Court of Criminal Appeals interpreted United States Supreme Court precedent as not requiring such further inquiry by the State. *See Grant v. State*, 325 S.W.3d 655, 661 (Tex. Crim. App. 2010).  That interpretation is binding on this Court; and therefore, the State was not required to inquire any further to validate or invalidate, or confirm or refute the basis stated for its own peremptory strikes.  Accordingly, we cannot say the trial court's decision in overruling Garcia's *Batson* challenge was clearly erroneous.  Garcia's first issue is overruled.

In his second issue, Garcia contends that section 22.011(a)(2) of the Texas Penal Code is unconstitutional on its face.  Constitutional challenges to a statute generally are forfeited by failure to object at trial.  *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); *see also Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).  The constitutionality of a statute as applied must be raised in the trial court to preserve error.  *Curry*, 910 S.W.2d at 496; *see Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial").  Further, a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Davis v. State*, No. 10-12-00025-CR, 2012 Tex. App. LEXIS 10578 (Tex. App.—Waco Dec. 20, 2012, pet. ref'd) (not

designated for publication).  Garcia did not assert any constitutional infirmity with the statute before the trial court.  Accordingly, we hold that Garcia has forfeited this complaint.  *See* TEX. R. APP. P. 33.1(a); *Karenev*, 281 S.W.3d at 434; *Flores*, 245 S.W.3d at 437 n.14; *Curry*, 910 S.W.2d at 496.  We overrule Garcia's second issue.

Having overruled both issues, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed January 29, 2015
Do not publish
[CR25]

