Opinion filed June 8, 2017



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00078-CV

_____

## IN THE MATTER OF A.V., A JUVENILE

**On Appeal from the County Court at Law**
**Brown County, Texas**
**Trial Court Cause No. J00010**

## MEMORANDUM OPINION

This is an appeal from a judgment of disposition in a juvenile delinquency matter involving determinate-sentence offenses. *See* TEX. FAM. CODE ANN. §§ 53.045(a), 54.04 (West Supp. 2016). After the grand jury approved the juvenile court petition, A.V. pleaded true to allegations that he had engaged in delinquent conduct by engaging in organized criminal activity and by committing the offenses of aggravated robbery, and the trial court adjudicated A.V. *See id.* § 53.045. Several weeks later, a jury was empaneled for the disposition hearing. The jury found that A.V. was in need of rehabilitation or that disposition was required to protect either A.V. or the public. *See id.* § 54.04(a), (c). The jury sentenced A.V. to commitment

in the Texas Juvenile Justice Department with a possible transfer to the Texas Department of Criminal Justice for a term of thirty years, and the trial court entered a judgment of disposition based on the jury's verdict. *See id.* § 54.04(d)(3). We affirm.

A.V. presents three issues on appeal; all three relate to the disposition hearing.[1] In his first issue, A.V. complains that the trial court erred when it sustained the State's objection and refused to admit an expert report into evidence. In his second issue, A.V. contends that the trial court erred when it overruled his challenge for cause to one of the members of the venire panel. In his final issue, A.V. presents a *Batson*[2] claim.

A.V.'s first issue is based on the trial court's exclusion of an exhibit. During A.V.'s disposition hearing, A.V. offered into evidence a letter prepared by a psychiatrist who was appointed by the trial court as an expert to assist in the preparation of A.V.'s defense. A.V. did not call the psychiatrist to testify at trial but, instead, offered the psychiatrist's letter into evidence during the testimony of the chief juvenile probation officer. The letter, which was addressed to A.V.'s attorney, contained the psychiatrist's findings based upon his initial consultation with A.V. The trial court sustained the State's hearsay objection, and A.V. later made an informal bill of exception or offer of proof as to the excluded exhibit. A.V. explained to the trial court that the exhibit was admissible because it was authenticated by the probation officer and because she had a copy of it in her file.

A.V. argues on appeal that the letter constitutes an expert report of a professional consultant under Section 54.04(b) and that, therefore, the hearsay rules

---

[1] We note that the State did not file a brief in this case.

[2] *Batson v. Kentucky*, 476 U.S. 79 (1986).

do not apply.[3]  As a prerequisite to presenting a complaint for appellate review, the record must show that the appealing party "stated the grounds for the ruling that [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint."  TEX. R. APP. P. 33.1(a)(1)(A).  To complain on appeal about the trial court's exclusion of evidence, the proponent "must have told the judge why the evidence was admissible" and must have brought to the trial court's attention the same complaint that is being made on appeal.  *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005).  To have evidence admitted under a hearsay exception, the proponent of the evidence must specify at trial the exception upon which he is relying.  *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). Additionally, to properly preserve an issue, the arguments asserted by the proponent of the evidence at trial must comport with the arguments asserted on appeal.  *In re C.Q.T.M.*, 25 S.W.3d 730, 738 (Tex. App.—Waco 2000, pet. denied).  And, when making an offer of proof, "the party must specify the purpose for which the evidence is offered and give the trial judge reasons why the evidence is admissible."  *Id.* at 737 (quoting *Cont'l Coffee Prods. Co. v. Cazarez*, 903 S.W.2d 70, 80 (Tex. App.— Houston [14th Dist.] 1995), *rev'd in part on other grounds*, 937 S.W.2d 444 (Tex. 1996)).  Because A.V. did not at any point explain to the trial court why the hearsay rule did not apply in this case or state that it was A.V.'s position that the exhibit was

---

[3]Section 54.04(b) of the Family Code provides:

> At the disposition hearing, the juvenile court, notwithstanding the Texas Rules of Evidence or Chapter 37, Code of Criminal Procedure, may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses.  On or before the second day before the date of the disposition hearing, the court shall provide the attorney for the child and the prosecuting attorney with access to all written matter to be considered by the court in disposition.  The court may order counsel not to reveal items to the child or the child's parent, guardian, or guardian ad litem if such disclosure would materially harm the treatment and rehabilitation of the child or would substantially decrease the likelihood of receiving information from the same or similar sources in the future.

admissible under Section 54.04(b), he has not preserved this issue for review. We overrule A.V.'s first issue.

In his second issue, A.V. argues that the trial court erred when it overruled his challenge for cause to Veniremember No. 30. A.V. contends that this prospective juror was disqualified because she was biased and prejudiced. *See* TEX. GOV'T CODE ANN. § 62.105 (West 2013); TEX. CODE CRIM. PROC. ANN. art. 35.16 (West 2006). The record shows that Veniremember No. 30 had twice been a victim of a crime similar to the one committed by A.V. She stated during voir dire that she knew how it felt to be a victim of such a crime: "Worse than horrible." When questioned further at the bench, Veniremember No. 30 first said that she thought A.V. needed some jail time but then said that she could consider probation if the facts showed that probation "would do him good." She then indicated that, given her history, her judgment could possibly be a little cloudy but that A.V. is "a different person than who robbed me, and it would be probably completely different circumstances than what happened to me." A.V. moved to excuse Veniremember No. 30 for cause, and the trial court overruled that motion. A.V. properly preserved this issue for our review. *See Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996).

We review a trial court's ruling on a challenge for cause with considerable deference because the trial court is in the best position to evaluate the demeanor and responses of a prospective juror. *Gardner v. State*, 306 S.W.3d 274, 295–96 (Tex. Crim. App. 2009). We may reverse a trial court's ruling on a challenge for cause only if the trial court clearly abused its discretion. *Id.* at 296. When the answers of the challenged veniremember are vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision. *Id.* at 295; *In re M.R.*, No. 11-08-00155-CV, 2010 WL 1948286, at *2 (Tex. App.—Eastland May 13, 2010, pet. denied) (mem. op.).

A veniremember is challengeable for cause if she has (1) a bias or prejudice for or against a party or (2) a bias or prejudice against the law upon which the parties are entitled to rely. *Gardner*, 306 S.W.3d at 295; *M.R.*, 2010 WL 1948286, at \*1. A veniremember is not challengeable for cause merely because she has a bias against the crime committed. *M.R.*, 2010 WL 1948286, at \*3.

When a prospective juror expresses bias or prejudice in favor of or against the defendant (as opposed to a bias or prejudice against the law), it is not ordinarily deemed possible for the prospective juror to be qualified by stating that she can lay aside such prejudice or bias. *Id.* at \*1 (citing *Smith v. State*, 907 S.W.2d 522, 530 (Tex. Crim. App. 1995)). When a prospective juror expresses a bias for or against the law, the question is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out her oath and instructions in accordance with the law. *Gardner*, 306 S.W.3d at 295; *M.R.*, 2010 WL 1948286, at \*2. Before a veniremember may be excused for cause, the law must be explained to her, and she must be asked whether she can follow that law regardless of her personal views. *Gardner*, 306 S.W.3d at 295; *M.R.*, 2010 WL 1948286, at \*2. The proponent of a challenge for cause carries the burden of establishing that the challenge is proper. *Gardner*, 306 S.W.3d at 295. The proponent does not meet this burden until the proponent shows that the veniremember understood the requirements of the law and could not overcome her prejudice well enough to follow the law. *Id.*

Here, Veniremember No. 30 did not express a bias or prejudice against A.V. but, rather, against the crime he committed. Veniremember No. 30 vacillated somewhat with respect to any bias or prejudice as it related to the law—specifically, probation. However, we defer to the trial court's determination and hold that A.V. did not meet his burden to show that Veniremember No. 30 understood the law but could not overcome her prejudice well enough to follow the law. A.V.'s second issue is overruled.

In his third issue, A.V. asserts a *Batson* claim. He argues that the State used its peremptory strikes against three Hispanic veniremembers—Nos. 4, 9, and 10—on the basis of their race. The record shows that A.V. is Hispanic.

Under *Batson*, the State is prohibited from using peremptory strikes to exclude jurors on the basis of race. *Batson*, 476 U.S. at 86. A *Batson* challenge consists of three steps. "First, the opponent of the strike must establish a *prima facie* showing of racial discrimination. Second, the proponent of the strike must articulate a race-neutral explanation. Third, the trial court must decide whether the opponent has proved purposeful racial discrimination." *Grant v. State*, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010) (citing *Purkett v. Elem*, 514 U.S. 765, 767 (1995)). We defer to the trial court's evaluation of the credibility and demeanor of the prosecutor and the veniremembers, and we must uphold the trial court's ruling unless it was clearly erroneous. *Id.*

Because the State offered reasons for its strikes, the inquiry as to the first step is moot.[4] *Johnson v. State*, 68 S.W.3d 644, 649 (Tex. Crim. App. 2002). Thus, we begin our analysis with the second step: whether the reasons offered by the State were in fact race neutral. *Id.*

Veniremembers Nos. 4 and 9 were Hispanic, and Veniremember No. 10 may have been Hispanic. The State used peremptory strikes against all three. The State explained that it struck Veniremember No. 4 because he had a son that was in prison. The State said that it struck Veniremember No. 9 because he gave conflicting answers and because he "seemed to indicate that he thought that if you just went along with older people who did something, you may not be as guilty or as culpable" as the others. With respect to Veniremember No. 10, the State had not realized that

---

[4]We note that there were either five or six Hispanics on the venire panel and that three of them were not struck by the State and actually served on A.V.'s jury.

she was Hispanic; she left that portion of her questionnaire blank. The State nevertheless explained that she was struck because she acted very disinterested and did not seem to care about what was being discussed during voir dire. The State indicated that it had attempted to engage her in a conversation but that those efforts resulted in very little interaction.

When asked if he had any response to the State's race-neutral explanations for striking Veniremembers Nos. 4 and 9, A.V. replied that he had no response. A.V.'s response with respect to Veniremember No. 10 was merely that she had answered numerous questions posed by A.V. We note that the record reflects that Veniremember No. 10 answered only two questions posed by A.V. and that both of those questions were specifically addressed to her. The record also reflects that the State attempted to engage Veniremember No. 10 in a conversation during the State's voir dire.

The explanations offered by the State in this case were valid, race-neutral reasons. *See, e.g.*, *Yarborough v. State*, 947 S.W.2d 892, 895–96 (Tex. Crim. App. 1997). Therefore, A.V. had the burden to show that the State's explanations were merely a pretext for discrimination. *See Johnson*, 68 S.W.3d at 649; *In re C.H.*, 412 S.W.3d 67, 77 (Tex. App.—Fort Worth 2013, pet. denied). A.V. failed to meet that burden. Therefore, we hold that the trial court's *Batson* ruling was not clearly erroneous. A.V.'s third issue is overruled.

We affirm the judgment of the trial court.


June 8, 2017                      JIM R. WRIGHT

Panel consists of: Wright, C.J.,           CHIEF JUSTICE
Willson, J., and Bailey, J.