PD-1094-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/11/2015 5:54:09 PM
Accepted 12/14/2015 7:53:05 AM
ABEL ACOSTA
CLERK

No. PD-1094-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

December 14, 2015

ABEL ACOSTA, CLERK

CHRISTOPHER EARL DARCY, Appellant

v.

THE STATE OF TEXAS, Appellee

Appeal from Moore County

\*   \*   \*   \*   \*

**STATE'S BRIEF ON THE MERITS**

\*   \*   \*   \*   \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

# NAMES OF ALL PARTIES TO THE TRIAL COURT'S JUDGMENT

Appellant: **Christopher Earl Darcy**.

Appellee: **The State of Texas**.

Trial Judge: **Hon. Ron Enns**.

Trial counsel for Appellant: **D. Dale Stemple**, P.O. Box 1878, Dumas, Texas 79029.

Appellate Counsel for Appellant: **R. Walton Weaver**, Herrmann & Weaver, 320 South Polk, Ste. 902, Amarillo, Texas 79101.

Trial counsel for the State: **Timothy D. Salley**, Assistant District Attorney, 715 S. Dumas Ave., Room 304, Dumas, Texas 79029.

Appellate counsel for the State: **David M. Green**, District Attorney, 715 S. Dumas Ave., Room 304, Dumas, Texas 79029, and **Lisa C. McMinn**, State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

> **1) Does a defendant forfeit a Sixth Amendment complaint about the State's attempt to communicate with him without counsel at a critical stage if he offers evidence of the communication and does not object to further testimony about it, and must a court of appeals address preservation of error before reversing a conviction on this basis?**
>
> **2) If the State violates a defendant's Sixth Amendment rights by attempting to communicate with him without counsel at a critical stage but no evidence of any incriminating response is offered, does reversible occur when evidence of the mere fact of the violation is admitted?**
>
> **3) Is it proper to consider unpreserved error in the analysis of harm from a separate error?**

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# INDEX OF AUTHORITIES

## Cases

*Blackshear v. State*, 385 S.W.3d 589 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . 5

*Carter v. State*, 309 S.W.3d 31 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . . 7

*Chamberlain v. State*, 998 S.W.2d 230 (Tex. Crim. App. 1999)... . . . . . . . . . . . . 9

*Darcy v. State*, No. 07-13-00297-CR
   (Tex. App.–Amarillo June 25, 2015). . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6, 9

*Gilley v. State*, 418 S.W.3d 114 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . . 6n

*Grant v. State,* 325 S.W.3d 655 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . 7

*United States v. Morrison*, 449 U.S. 361 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Oliver v. State*, 872 S.W.2d 713 (Tex. Crim. App. 1994).. . . . . . . . . . . . . . . . . . . 6n

*Peyronel v. State*, 465 S.W.3d 650 (Tex. Crim. App. 2015). . . . . . . . . . . . . . . . . 6n

*Reyna v. State*, 168 S.W.3d 173 (Tex. Crim. App. 2006).. . . . . . . . . . . . . . . . . . . 6n

*Reynolds v. State*, 423 S.W.3d 377 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . 5

*Rubalcado v. State*, 424 S.W.3d 560 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . 7, 8

*Kansas v. Ventris*, 556 U.S. 586 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Zillender v. State*,  557 S.W.2d 515 (Tex. Crim. App. 1977).. . . . . . . . . . . . . . . . 6

## Codes and Rules

TEX. CODE CRIM. PROC. art.  38.23.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. EVID. 404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

No. PD-1094-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

CHRISTOPHER EARL DARCY,                                                    Appellant

v.

THE STATE OF TEXAS,                                                           Appellee

\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully presents her brief on the merits.

**STATEMENT REGARDING ORAL ARGUMENT**

The State did not request oral argument, and the Court did not grant it.

**STATEMENT OF THE CASE**

A jury convicted Appellant of burglary of a habitation and assessed his punishment at twelve years' confinement and a fine. In an unpublished opinion, the court of appeals reversed the conviction, holding that Appellant was deprived of his Sixth Amendment right to counsel when an agent of the State attempted to

1

communicate with him without counsel during a critical stage of the proceeding. *Darcy v. State*, No. 07-13-00297-CR (Tex. App.–Amarillo June 25, 2015). The court of appeals denied the State's motion for rehearing. This Court granted the State's petition for discretionary review on November 11, 2015.

## ISSUES PRESENTED

**1) Does a defendant forfeit a Sixth Amendment complaint about the State's attempt to communicate with him without counsel at a critical stage if he offers evidence of the communication and does not object to further testimony about it, and must a court of appeals address preservation of error before reversing a conviction on this basis?**

**2) If the State violates a defendant's Sixth Amendment rights by attempting to communicate with him without counsel at a critical stage but no evidence of any incriminating response is offered, does reversible occur when evidence of the mere fact of the violation is admitted?**

**3) Is it proper to consider unpreserved error in the analysis of harm from a separate error?**

## STATEMENT OF FACTS

Brenda Kiewiet testified that her husband's tools were stolen from a house they were remodeling on Michael Street after she had shown the house to a woman named Rebecca. RR3: 105-07. Rebecca Morris testified that Appellant, his brother Pat, and Pat's son lived with her for a few months. RR3: 126. She mentioned to Appellant that she had seen a house being remodeled on Michael Street, hoping he would move

2

out of her house. RR3: 127-128. Appellant later told Rebecca he had gone by the house, no one was there, and "they were stupid" because they "left everything open." RR3: 129. Appellant was arrested and charged with burglary.

On cross-examination, Appellant's counsel elicited from Rebecca that while Appellant was in jail pending trial on this charge, she wrote a him a letter. RR3: 136-37. Counsel had Rebecca read the letter to the jury, which stated:

> Chris, I know you are going to court Monday. And I have been asked to be a witness. I have talked to Pat & told him I have not given them a statement. Is there anything I can do to help you[?] Please get a note back to me as soon as possible. Rebecca.

RR3: 137. The State offered the letter into evidence without objection from Appellant. *Id.*; SX 17. When counsel asked if Appellant had responded to her letter, she said that he had sent her a message through Pat, but the gist of the message was not disclosed. RR 3: 140-42.

On redirect, Rebecca testified that the letter was written at the request of an investigator in the D.A.'s office. RR 3: 139-40. Under his direction, Rebecca wrote the letter and asked the jail's cook to deliver it to Appellant. RR 3: 139-40. RR 3: 136-37.[1] On re-cross, Rebecca agreed with counsel's question that the prosecutor

---

[1]Counsel was no doubt unaware of the State's involvement with the letter when he first broached the topic. He had presumably intended to attack Rebecca's credibility by exposing her apparent willingness to change her testimony.

"assisted in the ruse," and counsel stated, "[T]he 69th district attorney had you write a letter to take to the jail to see if my client would ask you to do something unethical." RR3: 140-142. The investigator then testified, without objection, that the letter was written as part of his investigation into improper smuggling of communications in and out of the jail. RR3: 143-44.

## SUMMARY OF THE ARGUMENT

Before reversing a conviction, a court of appeals has the duty to address whether error preservation is required and, if so, whether error was preserved. Here, the court of appeals erred by reversing due to an uncounseled communication between an undisclosed State agent and Appellant, to which Appellant did not object at trial. This type of error is forfeitable by inaction because it does not result in a total deprivation of counsel and its determination depends on the resolution of a fact issue–the deliberateness of the State's actions–which the trial court must decide in the first instance. Even assuming non-forfeited error occurred, the remedy for an improper communication is to suppress the defendant's incriminating response. But without such a response, there is nothing to suppress and no harm. Finally, because error preservation is a systemic requirement, a forfeited error cannot form the basis for the reversal of a conviction in the harm analysis of another error.

**ARGUMENT**

The court of appeals held that because a letter was sent at the State's behest, after indictment and without the presence of counsel, the State violated Appellant's Sixth Amendment right to counsel at a critical stage of the proceedings. *Darcy*, Slip op. at 7-8. However, Appellant's counsel was the first to raise the issue of the letter before the jury, he did not object to its admission or testimony about it, and he attempted to use it to his advantage. RR3: 136-144 He never argued that the communication violated Appellant's Sixth Amendment right to counsel.

**Preservation of Sixth Amendment issue**

"Preservation of error is a systemic requirement which a court of appeals should review on its own motion." *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012). "[A]n appellate court may not reverse a conviction without first addressing any plausible argument, whether raised by the parties or not, that the purported error necessitating reversal is subject to error-preservation requirements and, if so, whether that error has been preserved for appeal." *Reynolds v. State*, 423 S.W.3d 377, 384 (Tex. Crim. App. 2014).

The court of appeals did not address preservation on original submission, and it denied the State's motion for rehearing, which argued that any error was forfeitable and was forfeited. Although this Court has held that the *total* deprivation of counsel

5

at a critical stage of the proceedings cannot be forfeited by the mere failure to object,[2] the court of appeals acknowledged that this was is not a total depravation case. Slip op. at 9. And other Sixth Amendment violations are forfeitable by inaction.[3]

Appellant procedurally defaulted this issue by failing to object. Even if his broaching the topic of the letter before the jury is excused because of his unawareness that Rebecca was acting as a State agent, once he knew, it was incumbent upon him to object that the communication violated his right to counsel. The primary purposes of the objection requirement are to allow the trial court to rule upon the objection and cure any potential harm and to allow the opposing party to remove the basis for the objection and possibly substitute other testimony. *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).

But in this case, an objection would have served an additional, equally important purpose–to develop the facts necessary to determine whether a violation

[2]*See Oliver v. State*, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994) (indigent defendant who does not affirmatively request appointed counsel at pretrial hearing does not waive right to assistance of counsel); *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014) (failure to object to counsel's exclusion from in-chambers examination of child witness does not waive right to counsel).

[3] *See Peyronel v. State*, 465 S.W.3d 650, 653 (Tex. Crim. App. 2015) (Sixth Amendment right to public trial is forfeitable by failure to object); *Reyna v. State*, 168 S.W.3d 173, 179-80 (Tex. Crim. App. 2006) (Sixth Amendment right to confrontation is subject to procedural default).

even occurred. When an undisclosed government agent is used to communicate with the defendant at a critical stage, "circumvent[ion of] the defendant's right to the assistance of counsel" occurs only when the State "deliberately elicit[s] incriminating information." *Rubalcado v. State*, 424 S.W.3d 560, 570 (Tex. Crim. App. 2014). Whether the investigator acted *deliberately* to elicit incriminating evidence was never decided in the trial court. In other contexts, determinations of deliberateness or purposefulness are fact issues because they involve an assessment of credibility. *See Carter v. State*, 309 S.W.3d 31, 40 (Tex. Crim. App. 2010) (whether police acted deliberately in delaying *Miranda* warnings is dependent on credibility determinations and therefore subject to the "great deference" standard of review); *Grant v. State,* 325 S.W.3d 655, 657 (Tex. Crim. App. 2011) (whether prosecutor engaged in purposeful discrimination is a fact issue subject to clearly erroneous standard because it requires credibility determinations). Although an appellate court can review historical facts found by a trial court to determine whether they are supported by the record, the initial determination must be made by the trial judge. It follows that an issue requiring a factual determination by the trial judge is procedurally defaulted if the appealing party does not ask the trial judge to make that initial determination.

Had the trial judge been confronted with an objection in this case, he may have ruled that the letter was sent to determine whether the jail cook was illegally

7

smuggling communications in and out of the jail. Or he may have found that the smuggling investigation was a ruse and the letter was an attempt to get Appellant to incriminate himself in the burglary. Either way, the initial determination of deliberateness was for the trial judge, and an objection was required to enable him to make that determination.

**Remedy for "fruitless" violation**

If the State in fact "circumvent[ed] the defendant's right to the assistance of counsel by using an undisclosed government agent to deliberately elicit incriminating information" under *Rubalcado*, it violated the Sixth Amendment. That is because the Sixth Amendment violation occurs at the time of the questioning, not when the incriminating response is offered at trial. *Kansas v. Ventris*, 556 U.S. 586, 592 (2009). Nevertheless, the remedy for a Sixth Amendment violation is to suppress incriminating information obtained from the defendant in the absence of his counsel or to order a new trial if the evidence was wrongfully admitted. *United States v. Morrison*, 449 U.S. 361, 365 (1981). But there is no evidence of a self-incriminating response in this case. In other words, there was no evidence obtained in violation of the law. TEX. CODE CRIM. PROC. art. 38.23. So even if a Sixth Amendment violation occurred by the mere delivery of Rebecca's letter to Appellant, no trial error occurred because there was no evidence of Appellant's response. It was not error for Appellant

8

to make the jury aware that the State attempted to communicate with him in a way that violated his rights anymore than it would be error for a defendant to testify that the police searched his house without a warrant. The normal exclusionary remedy for a constitutional violation is not applicable when no fruit of the violation was obtained or admitted.

**Cumulative harm from unpreserved error**

Reviewing the purported error for harm, the court of appeals held that testimony about the smuggling investigation created the impression that Appellant was involved in wrongdoing, which contributed to the harmfulness of the Sixth Amendment violation. *Darcy*, slip op. at 8-9. However, Appellant did not object to this testimony, so it should not have been considered in the purported denial of counsel harm analysis. To the extent the evidence suggested that Appellant was involved in improper smuggling, it was an extraneous act that violated TEX. R. EVID. 404(b). It was not a Sixth Amendment violation. Appellant did not object on either basis, and a mere evidentiary error is indisputably forfeitable by inaction.

Although this Court has recognized the doctrine of cumulative harm,[4] it has not addressed whether an unpreserved error can render another error harmful, or whether the cumulative effect of several unpreserved errors requires reversal. It seems

---

[4]*Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999).

unlikely that such an application would be recognized given the systemic nature of error preservation. If the merits of an unpreserved error cannot be addressed in its own right, it should not be addressed in the harm analysis of a separate issue.

**Conclusion**

Appellant objected to neither the basis of his complaint on appeal nor the separate alleged error that the court of appeals found contributed to harm. Both errors are forfeitable and were forfeited. Further, there can be no actionable Sixth Amendment violation without an incriminating response from Appellant, which also renders any error harmless. And even if the technical Sixth Amendment violation constitutes trial error, a separate, unpreserved evidentiary error should not be used to bootstrap that technical violation into reversible error.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that this Court reverse the decision of the court of appeals or remand to that court to address preservation of error.

Respectfully submitted,

/s/ LISA C. McMINN

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

## CERTIFICATE OF COMPLIANCE

I certify that, according to the WordPerfect word count tool, this document contains 2832 words.

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney

## CERTIFICATE OF SERVICE

I certify that on this 11th day of December, 2015, the State's Brief on the Merits was served via certified electronic service provider to:

David M. Green
69th Judicial District Attorney
715 S. Dumas Avenue, Room 304
Dumas, Texas 79029
69thda@moore-tx.com


R. Walton Weaver
HERRMANN & WEAVER
320 South Polk, Ste. 902
Amarillo, Texas 79101
waltlawoffice@gmail.com

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney